UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MITCHELL RIVERA,

                Plaintiff,

-against-

WEGMAN'S FOOD MARKETS,

                Defendant.

17-CV-10009 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that employees from Wegmans supermarket violated his rights. By order dated February 26, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

---

[1] By order date January 23, 2018, the Court directed Plaintiff to submit an amended application to proceed *in forma pauperis* (IFP). The Court received Plaintiff's amended IFP application on February 2, 2018, and granted it on February 26, 2018.

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this complaint against Wegmans supermarket regarding a broad conspiracy involving employees from a Wegmans store in Liverpool, New York, the Liverpool Police Department, and rapper 50 Cent.[2] He asserts that the Wegmans employees "pretend" to "mock[ ]" Plaintiff "because they like[ ] 50 Cent and he dissed us on [a] record." (Comp. at 7.) Plaintiff further asserts that the employees "were instructed to . . . laugh at [Plaintiff] for no reason in order to make [him] feel uncomfortable in order to see what [he] would say or do on camera[.]" *Id.* "Another issue they battered [Plaintiff] about, thereby destroying [his] anonymity was [his] uncle Danny and Uncle Bobby, who were murder suspects since the 1970s . . . [and]

---

[2] On December 21, 2017, Plaintiff filed this action and three other complaints. *See Rivera v. MTA – NYC Transit*, No. 17-CV-10011 (CM) (S.D.N.Y. Feb. 5, 2018) (dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).); *Rivera v. Dollar Gen. Corp.*, No. 17-CV-10010 (CM) (S.D.N.Y. Mar. 9, 2018) (same); *Rivera v. NY HRA*, No. 17-CV-10007 (CM) (conspiracy involving 50 Cent, the New York City Police Department, and other actors concerning a rental voucher).

suspects in cartel murders, and the disappearance of [his] deceased grandmother's landlord before [he] was born." *Id.*

The Wegmans employees also allegedly "assisted allowing police to have 12 year old girls follow [Plaintiff] around their store in the middle of the night even though [Plaintiff has] never been suspected of being a pedophile around 8/15." *Id.* at 8. Plaintiff claims that they "did most of this stuff while pretending to investigate infanticide involving [his] father who was the Northern Region Director of Citicards [sic] at Citibank while surveillance records would provide [he is] not and [has] never been considered to be a viable witness to any such events or [his] deceased mother being pregnant after she had [him]." *Id.*

Plaintiff "made many complaint[s] to the Liverpool police, and FBI during this time, which they intentionally ignored because they were harassing [him] outside the store." He seeks $2,000,000. *Id.* at 9.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint must be dismissed as frivolous. Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's motion to participate in electronic filing (ECF No. 3) is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 13, 2018
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge